UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


RICHARD MAX STRAHAN,             )
                                 )
        Plaintiff,                )
v.                                )   CIVIL ACTION NO.
                                 )   11-10109-DPW
JACK M. WILSON and               )
ROBERT C. HOLUB,                 )
                                 )
        Defendants.               )


MEMORANDUM AND ORDER
March 31, 2012

In this civil rights claim by a Massachusetts resident against the former President of the University of Massachusetts and the Chancellor of the University of Massachusetts, Amherst – transferred to my docket as a result of the retirement of Judge Gertner – the plaintiff complains of disciplinary actions imposed upon him at the University of Massachusetts, Amherst. The plaintiff initiated this action with a request for interlocutory relief from the enrollment suspension he received. Judge Gertner denied the requested interlocutory relief, finding plaintiff had no likelihood of success on the merits.

The plaintiff has since continued to aggregate and present in various filings in this matter claims regarding discipline and what he perceives as harassment at the hands of University employees, including denial of the opportunity to live on campus in student housing. I have sorted through the filings and find

no cognizable federal claims presented.  None of the claims raises a matter of constitutional magnitude.  Accordingly, I will now allow the motion to dismiss presented by defendants to Judge Gertner and dismiss this case finding no basis to permit more efforts at repleading of the complaint.

The plaintiff's complaint stumbles at the threshold because he fails to state how the two senior administrators of the University are connected to his complaints except through their very remote supervisory responsibilities.  Federal civil rights law does not provide such *respondeat superior* liability on such bare allegations and no other basis for potential liability as to these defendants is discernible in the extensive submissions the plaintiff has made.

Plaintiff seeks to raise a First Amendment retaliation claim alleging that he has been disciplined and harassed because of his threats to bring suit against University employees who have not acted to his satisfaction.  Although not altogether clear, the retaliation that appears to be alleged resulted from the plaintiff's threat to pursue litigation under the state Public Records law.  He alleges more generally *animus* against him as a non-traditional student and political activist.

Whether treated individually or in the aggregate, plaintiff's allegations and assertions do not meet the pleading standards required even of pro se litigants in the federal courts

to set forth a plausible cause of action. *See generally, Ashcroft* v. *Iqbal*, 129 S. Ct. 1937, 1949 (2009). I find no federal claim adequately raised against a named defendant to state a federal cause of action.

Embedded in plaintiff's various submissions there may be some claim under state law, for example, for violation of the Public Records Act. Having found no cognizable federal cause of action, however, I decline to exercise supplemental jurisdiction over any potential state claims. 28 U.S.C. § 1367(c)(3).

The Clerk is directed to enter judgment of dismissal against plaintiff's federal claims without prejudice to any state claims, as to which this court declines to exercise supplemental jurisdiction.

/s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE